Louis J. Testa (LT 2213)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut  06510
Telephone (203) 821-2000
Facsimile (203) 821-2009
Counsel to Saylavee, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――x
In re:                                                          :
                                                                    :       CHAPTER 7
    DUCKY INTERACTIVE, INC.,          :
                                                                    :       CASE NO. 05-23457 (ASH)
                                        Debtor          :
―――――――――――――――――――x       Re: Doc. No. 158

**DESIGNATION OF ITEMS AND STATEMENT OF ISSUES**

Saylavee, LLC ("Saylavee" or "Appellant") hereby submits the following designation of items to be included in the record on appeal and statement of issues to be presented on appeal pursuant to Rule 8006 Fed.R.Bankr.P. with respect to the Notice of Appeal filed January 23, 2008 (Doc. No. 158) filed by Appellant in the above captioned bankruptcy case.

**I.     Designation of Items to be Included in Record On Appeal**

Appellant hereby designates the following items to be included in the record on appeal:

1.   Order dated and entered January 14, 2008 (**Doc. No. 153**).

2.   Motion for Entry of Judgment Pursuant to 11 U.S.C. § 303(i) dated October 24, 2007 (**Doc. No. 126**) ("Claim Motion"), including all exhibits annexed thereto.

3.   Memorandum of Law in Support of Motion for Entry of Judgment Pursuant to 11 U.S.C. § 303(i) dated October 24, 2007 (**Doc. No. 127**), together with the exhibits annexed hereto.

4.   Opposition to Saylavee's Motion for Entry of Judgment Pursuant to 11 U.S.C. § 303(i) dated November 7, 2007 (**Doc. No. 131**), together with the exhibits

annexed thereto.

5. Objection of Jeffrey L. Sapir, Esq. dated November 7, 2007 (**Doc. No. 133**).

6. Reply to Objections dated November 13, 2007 (**Doc. No. 135**).

7. Reply Memorandum of Law dated November 13, 2007 (**Doc. No. 136**).

8. Supplement to Motion for Entry of Judgment Pursuant to 11 U.S.C. § 303(i) dated December 11, 2007 (**Doc. No. 143**) together with the exhibits annexed thereto.

9. Transcript of Motion before the Hon. Adlai S. Hardin, Jr., United States Bankruptcy Judge with respect to hearing held on November 14, 2007.

10. Transcript of Hearing regarding Motion the Hon. Adlai S. Hardin, Jr., United States Bankruptcy Judge with respect to hearing held on December 12, 2007.

11. Transcript of deposition of Scott B. Hockler held on December 5, 2007.

12. Transcript of continued deposition of Scott B. Hockler held on December 7, 2007[1]. **(Items numbered 11 and 12 are hereinafter collectively inferred to as the "Hockler Deposition".)**

13. Involuntary Petition for the bankruptcy case of the Ducky Interactive, Inc./Saylavee, LLC Partnership marked as Exhibit "A" in the Hockler Deposition.

14. Copies of Voluntary Petitions, Schedules and Statement of Financial Affairs in the bankruptcy case of Ducky Interactive, Inc. marked as Exhibit "B" in the Hockler Deposition.

---

[1] Transcripts designated herein as items 11 and 12 are "unsigned". Counsel for Saylavee has made formal request for the signature page 5 of the transcripts; however, as of this date, counsel for Saylavee has failed to receive copies of the executed transcripts. Copies of these transcripts are also attached as exhibits to Item No. 8 above.

15. Copy of Complaint filed in the United States District Court, District of Connecticut in the case entitled, Ducky Interactive, Inc. and Scott B. Hockler, Plaintiff against Saylavee, LLC and Steven Lichtman, Defendants, dated December 9, 2004 and marked as Exhibit "C" in the Hockler Deposition.

16. Copies of U.S. Income Tax Return for an S Corporation and for 2004 for Ducky Interactive, Inc. and related documents marked as Exhibit "D" in the Hockler Deposition.

17. Copies of U.S. Income Tax Return for an S Corporation and for 2005 for Ducky Interactive, Inc. and related documents marked as Exhibit "E" in the Hockler Deposition.

18. Motion to Approve Compromise filed by Jeffrey L. Sapir dated June 25, 2007 (**Doc. No. 103**) ("Trustee's Compromise Motion").

19. Complaint filed in Adversary Case No. 07-08273 against Scott B. Hockler, dated July 3, 2007 (**Doc. No. 106**).

20. Complaint filed in Adversary Case No. 07-08274 against Pamela Stone dated July 3, 2007 (**Doc. No. 107**).

21. Objection of Saylavee, LLC to Application of Trustee to Approve Settlement dated July 17, 2007 (**Doc. No. 110**).

22. Reply of Ducky Interactive, Inc. to Objection of Saylavee, LLC dated July 23, 2007 (**Doc. No. 112**).

23. Motion to Expunge Claims of Saylavee, LLC filed by Jeffrey L. Sapir, dated August 3, 2007 (**Doc. No. 114**).

24. Motion for Objection to Claim(s)/Motion (a) to Expunge in Part Saylavee's Amended Proof of Claim and (b) for the Imposition of Sanctions dated October 26, 2007 (**Doc. No. 128**).

25. Objection to Motion dated November 9, 2007 (**Doc. No. 134**).

26. Objection to Motion (a) to Expunge in Part Saylavee's Amended Proof of Claim and (b) The Imposition of Sanctions dated December 7, 2007 (**Doc. No. 140**).

27. Transcript of Hearing held on July 24, 2007, at which time the court denied the Trustee's Compromise Motion.

28. Saylavee, LLC Amended Proof of Claim dated September 21, 2007 (Claim No. 5-3) ("Amended Claim").

II. **Statement of Issues Presented on Appeal**

Appellant hereby states the following issues presented on appeal:

A. Did the Bankruptcy Court err in denying Saylavee's Motion for Entry of Judgment Pursuant to 11 U.S.C. § 303(i) (i.e., the "Claim Motion"), and that portion of the Amended Claim seeking allowance of fees and costs under 11 U.S.C. § 303(i)?

B. Did the Bankruptcy Court err in denying Saylavee's requests for an opportunity to conduct discovery and for the Court to schedule an evidentiary hearing with respect to the relief requested in the Claim Motion and that portion of the Amended Claim seeking allowance of fees and costs under 11 U.S.C. § 303(i)?

C. Did the Bankruptcy Court err in granting the Motion to Approve Compromise (Doc. No. 103)(i.e., "Trustee Compromise Motion") after prior denial of same?

D. Did the Bankruptcy Court err in dismissing the following adversary proceedings with prejudice:

(a) *Jeffrey Sapir as Trustee v. Scott B. Hockler*, Adversary Case No. 07-08273; and

(b) *Jeffrey Sapir as Trustee v. Pamela Stone*, Adversary Case No. 07-08274.

Dated: February 4, 2008

SAYLAVEE, LLC

By: /s/ Louis J. Testa
Louis J. Testa (LT2213)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
Tel. 203.821.2000 / Fax 203.821.2009

M:\BANKRUPT.CY\Lichtman\Pleadings\APPEAL.1.23.08\Designation.Items.Stmt of Issues HOCKLER.2.4.08.doc